UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHERINE CRADDOCK and
MARSHA SNYDER, as Co-Personal
Representatives of the Estate of
STEVEN LONG, Deceased,

        Plaintiffs,                Case No. 21-cv-12827
                                                  Honorable Linda V. Parker

v.

COUNTY OF MACOMB,
WELLPATH, LLC, and JOHN DOE,

        Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFFS'
MOTION FOR RECONSIDERATION**

This matter is before the Court on Plaintiffs' motion for reconsideration (ECF No. 62) of the February 26, 2024 decision granting summary judgment to Defendant County of Macomb (ECF No. 60). The County filed a response to the motion. (ECF No. 64.) For the reasons set forth below, the Court is denying Plaintiffs' motion.

Plaintiffs seek reconsideration of the Court's decision pursuant to Eastern District of Michigan Local Rule 7.1(h), and they cite the standard for reconsideration applicable to that rule as supporting their requested relief. However, Local Rule 7.1(h) was amended as of December 1, 2021—more than

two years before this Court issued its summary judgment decision in this matter. *See* E.D. Mich. LR 7.1(h). Pursuant to this amendment, reconsideration of final orders must be filed under Federal Rule of Civil Procedure 59(e) or 60(b).[1] *See id.* 7.1(h)(1). Therefore, to the extent Plaintiffs rely on Rule 7.1, their motion must be denied.

Motions to alter or amend judgment pursuant to Rule 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (quoting 11 C. Wright & A. Miller, Fed. Practice & Proc. § 2810.1 (2d ed. 1995)); *see also Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)) ("A motion under Rule 59(e) is not an opportunity to re-argue a case."). "A motion to alter or reconsider a judgment is an

---

[1] The Court's decision was a final order because all other claims and parties had been previously dismissed. It, therefore, "end[ed] the litigation on the merits and le[ft] nothing for the court to do but execute the judgment." *Kissner v. Orr*, No. 22-2076, 2023 WL 5687037, at *2 (6th Cir. Aug. 31, 2023) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *In re J & M Salupo Dev. Co.*, 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008) (quoting *Am. Textile Mfrs. Inst., Inc. v. Limited Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998)).

Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The residual clause in Rule 60(b)(6) affords relief "only in *exceptional* circumstances" not otherwise addressed by the rule's first five clauses. *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)) (emphasis added); *see also McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 383 (6th Cir. 1991) (citing *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)).

Rule 60(b)(6) is properly invoked only in "unusual and extreme situations where principles of equity mandate relief." *Tanner*, 776 F.3d at 443 (quoting *Olle*, 910 F.2d at 365) (emphasis removed).

Like Rule 59(e), "relief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trs. of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). Also like Rule 59(e), Rule 60(b) does not provide a vehicle to rehash arguments previously made and rejected. "A Rule 60(b) motion must be denied if . . . it is merely an attempt to relitigate the case." *Long v. Morgan*, 56 F. App'x 257, 258 (6th Cir. 2003) (citing *Mastini v. Am. Tel. & Tel. Co.*, 369 F.2d 378, 379 (2d Cir. 1966)).

The party seeking relief under Rule 59(e) or Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (internal quotation marks and citations omitted); *In re J & M Salup Dev. Co.*, 388 B.R. 795, 805 (BAP 6th. Cir. 2008). Plaintiffs fail to satisfy their burden as they do not demonstrate how any of the standards in Rule 59(e) or Rule 60(b) are met.

In their motion, Plaintiffs identify two factual conclusions that they claim the Court got wrong (i.e., with respect to Mr. Long's hoarding of his medication

which was confiscated by nursing staff and the characterization of Mr. Long's anxiety as minimal). The Court disagrees with Plaintiffs' assessment. But, in any event, these purported factual errors do not justify relief under any of the provisions in Rule 59(e) or 60(b). The Court does not find these factual disputes to be material with respect to whether there was a violation of Mr. Long's constitutional rights.

The remaining arguments in Plaintiffs' motion are simply reassertions of the exact arguments they made in response to the County's motion for summary judgment. As stated, a Rule 59(e) or Rule 60(b) motion must be denied if the movant is merely attempting to relitigate previously decided issues.

For these reasons, the Court **DENIES** Plaintiffs' motion for reconsideration (ECF No. 62).

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 24, 2024